<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALFRED WHIPPLE-BEY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NEW JERSEY DEPARTMENT OF<br>HUMAN SERVICES, et al.,<br><br>　　　　Defendants. | Civil Action No. 25-4151 (SDW) (JBC)<br><br>**WHEREAS OPINION**<br><br>June 2, 2025 |

　　　　**THIS MATTER** having come before this Court upon Plaintiff Alfred Whipple-Bey's ("Plaintiff") Complaint, (D.E. 1), and application to proceed *in forma pauperis*, (D.E. 1-4) ("IFP application"), and this Court having *sua sponte* reviewed the Complaint for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure ("Rule") 8(a); and

　　　　**WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating he is "unable to pay such fees," but must dismiss a case that is frivolous, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(a)(1), (e)(2)(B); and

　　　　**WHEREAS** given that Plaintiff failed to fully complete the IFP application—i.e., he failed to supply employment, income, and expenses information—and indicates he is three-years of age, Plaintiff's request to proceed IFP is denied. *See* 28 U.S.C. § 1915(a)(1); and

**WHEREAS** pursuant to Rule 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The complaint must apprise the defendant with "fair notice of what the claim is and the grounds upon which it rests," containing "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); and

**WHEREAS** *pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "state a plausible claim for relief," *Yoder v. Wells Fargo Bank*, 566 F. App'x 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); and

**WHEREAS** this Court endeavors to parse out Plaintiff's Complaint, which seems to indicate the Hudson County Department of Family Services initiated an action against Plaintiff for child support and medical coverage, which resulted in garnishment of his income. (D.E. 1-2 at 8.) However, Plaintiff's Complaint fails to provide a clear statement of what his claims are, and the factual bases for them, such that the facts contained are insufficient to support a claim entitling Plaintiff to relief. *See* Fed. R. Civ. P. 8(a)(2); therefore

Plaintiff's application to proceed *in forma pauperis* is **DENIED** and Plaintiff's Complaint is *sua sponte* **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. Plaintiff has thirty (30) days to file a new IFP application and amend his Complaint. An appropriate order follows.

                                                        /s/ Susan D. Wigenton
                                                    **SUSAN D. WIGENTON, U.S.D.J.**

| | |
|---|---|
| Orig: | Clerk |
| cc: | Parties |
| | James B. Clark, U.S.M.J. |