**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALFRED WHIPPLE-BEY,<br><br>      Plaintiff,<br><br>v.<br><br>NEW JERSEY DEPARTMENT OF HUMAN SERVICES, et al.,<br><br>      Defendants. | Civil Action No. 25-4151 (SDW) (JBC)<br><br>**WHEREAS OPINION**<br><br>July 16, 2025 |

    **THIS MATTER** having come before this Court upon Plaintiff Alfred Whipple-Bey's ("Plaintiff") Amended Complaint, (D.E. 9), and this Court having *sua sponte* reviewed the Complaint for sufficiency pursuant to Federal Rule of Civil Procedure ("Rule") 8(a) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); and

    **WHEREAS** Plaintiff's Complaint, (D.E. 1), was previously dismissed for failure to state a claim upon which relief could be granted, (D.E. 3). Plaintiff was given thirty days to file an amended complaint. (D.E. 3 at 2); and

    **WHEREAS** Plaintiff names the New Jersey Department of Human Services; Hudson and Bergen County Divisions of Child Support and Paternity, respectively; Agent Ylbania Camilo; and Ms. Camilo's attorney, Michael Sluka, as defendants and appears to complain about the outcome of a New Jersey state court proceeding brought against him for child support and medical coverage obligations. (D.E. 9 at 3–4); and

**WHEREAS** *pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "state a plausible claim for relief," *Yoder v. Wells Fargo Bank*, 566 F. App'x 138, 141 (3d Cir. May 9, 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)).  Pursuant to Rule 8(a), "[a] pleading that states a claim for relief must contain:  (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought"; and

**WHEREAS** "[f]ederal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Federal courts "are obliged to notice jurisdictional issues and raise them on their own initiative."  *Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 20 (2017) (citing *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011)).  "Although courts hold pleadings drafted by *pro se* litigants to less stringent standards than those drafted by lawyers, *pro se* litigants still bear 'the burden of showing that the case is properly before the court at all stages of the litigation.'"  *Ingris v. Borough of Caldwell*, No. 14-6388, 2015 WL 758680, at *2 (D.N.J. Feb. 23, 2015) (quoting *Phillip v. Atl. City Med. Ctr.*, 861 F. Supp. 2d 459, 466 (D.N.J. 2012)); and

**WHEREAS** a federal court lacking subject matter jurisdiction over a removed case must remand the matter back to state court.  28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  Under the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010).  For the *Rooker-Feldman* doctrine to apply, the following

four requirements must be met: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Id.* at 166 (alterations in original) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); and

**WHEREAS** this Court construes Plaintiff's Amended Complaint as seeking recourse from the state court child support proceedings. The *Rooker-Feldman* doctrine thereby precludes this Court from hearing this case as "adjudicating Plaintiff's claim would effectively require this Court to evaluate whether the state court judgment was erroneously entered against Plaintiff." *See Gruen v. Gruen*, No. 21-17224, 2023 WL 7194902, at *2–3 (D.N.J. Nov. 1, 2023) (dismissing the plaintiff's case against a state court judge, his ex-wife, and his ex-wife's attorney complaining of the state court's judgment on *Rooker-Feldman* grounds); *Eisenstein v. Ebsworth*, 148 Fed. App'x 75, 76–77 (3d Cir. July 13, 2005) (affirming the district court's holding dismissing the plaintiff's complaint challenging a child support order issued by the Superior Court of New Jersey in Essex County because such a challenge fell "squarely within the *Rooker-Feldman* doctrine"); therefore

Plaintiff's Amended Complaint is *sua sponte* **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction. An appropriate order follows.

                                                  ___/s/ Susan D. Wigenton_____
                                                  **SUSAN D. WIGENTON, U.S.D.J.**

Orig:        Clerk
cc:          Parties
               James B. Clark, U.S.M.J.

Case 2:25-cv-04151-SDW-JBC     Document 10     Filed 07/16/25     Page 4 of 4 PageID: 60