**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALFRED WHIPPLE-BEY,<br><br>           Plaintiff,<br><br>v.<br><br>NEW JERSEY DEPARTMENT OF HUMAN SERVICES, *et al.*,<br><br>           Defendants. | Civil Action No. 25-4151 (SDW) (JBC)<br><br>**WHEREAS OPINION & ORDER**<br><br>October 22, 2025 |

**WIGENTON, District Judge.**

    **THIS MATTER** having come before this Court upon Plaintiff Alfred Whipple-Bey's ("Plaintiff") Motion to Vacate (D.E. 12 ("Motion")) this Court's Opinion and Order (D.E. 10 & 11) dismissing Plaintiff's Amended Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 60(b)(4); and

    **WHEREAS** Rule 60(b) sets forth the bases upon which a court can vacate a judgment. A Rule 60(b) motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Plaintiff grounds his Motion on Rule 60(b)(4), which permits a court to "relieve a party . . . from a final judgment" where "the judgment is void." Fed. R. Civ. P. 60(b)(4). "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). "A judgment can be voided if the rendering court lacked personal or subject matter jurisdiction, or if it acted in a manner inconsistent with due process of law." *Gillespie v. Janey*, 527 Fed. App'x

120, 122 (3d Cir. June 7, 2013) (citing *Espinosa*, 559 U.S. at 270–71). "[A] motion under Rule 60(b)(4) is not a substitute for a timely appeal." *Espinosa*, 559 U.S. at 270; and

**WHEREAS** this Court previously dismissed Plaintiff's Amended Complaint with prejudice, finding the *Rooker-Feldman* doctrine precluded this Court from adjudicating the matter where Plaintiff complained of state court child support proceedings dating back to 2011. *Whipple-Bey v. N.J. Dep't of Hum. Servs.*, No. 25-4151, 2025 WL 1975960, at *2 (D.N.J. July 16, 2025). This Court reiterates its lack of jurisdiction, particularly where Plaintiff did not plead or present arguments or documentation that would support vacating the prior opinion and order. Additionally, Plaintiff could have certainly challenged the state court's judgments through a timely appeal and his request for relief—made fourteen years later—has certainly not been made "within a reasonable time." *See* Fed. R. Civ. P. 60(c)(1). There is no basis to grant Plaintiff's Motion; therefore,

**IT IS**, on this 22nd day of October 2025,

**ORDERED** that Plaintiff's Motion is **DENIED**.

**SO ORDERED.**

    /s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
    James B. Clark, U.S.M.J.